# IN THE COURT OF APPEALS OF IOWA

No. 23-0320
Filed August 21, 2024

**STEPHANIE HANNER,**
        Plaintiff-Appellee,

**vs.**

**ADAM SMITH, M.D., ADAM SMITH, M.D., P.C., and TRI-STATE SPECIALISTS, L.L.P.,**
        Defendants-Appellants.

_____

        Appeal from the Iowa District Court for Woodbury County, Steven J. Andreasen, Judge.

        A doctor and related business entities appeal the denial of their motion to to strike an expert and for summary judgment. **REVERSED AND REMANDED.**

        Jeff W. Wright and Zack A. Martin of Heidman Law Firm, P.L.L.C., Sioux City, for appellant.

        Jon Specht of Trial Lawyers for Justice, Decorah, for appellee.

        Considered by Ahlers, P.J., Langholz, J., and Gamble, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2024).

**AHLERS, Presiding Judge.**

Following a surgery performed by Adam Smith, M.D., Stephanie Hanner sued Smith; Adam Smith, M.D., P.C.; and Tri-State Specialists, L.L.P. For ease of reference, we will refer to all three defendants as "Smith." Hanner's petition asserted claims against Smith based on alleged negligence, breach of warranty, and failure to obtain informed consent.

By alleging negligence by a healthcare provider that required an expert witness, Hanner triggered a requirement that she file a certificate-of-merit affidavit signed by an expert witness respecting the issues of standard of care and breach in personal injury actions. *See* Iowa Code § 147.140(1)(a) (2020). The expert witness signing the certificate must meet the qualifying standards set forth in Iowa Code section 147.139. *Id.* Section 147.139(1) requires the expert to be "licensed to practice in the same or a substantially similar field as the defendant."

Hanner submitted a certificate-of-merit affidavit signed by a Dr. Richard Marfuggi. At the time he signed the affidavit, Dr. Marfuggi was a retired doctor of plastic surgery whose medical licenses in New York and New Jersey were "inactive" and "retired," respectively. Smith later filed a combined motion seeking to strike Dr. Marfuggi as an expert witness and for summary judgment on the ground that Hanner failed to timely file a certificate-of-merit affidavit signed by an expert meeting the qualifying standards of section 147.139. Smith asserted that, because Dr. Marfuggi's license status was "inactive" or "retired" when he signed the affidavit, he was not "licensed to practice" as required by section 147.139(1). *See id.* § 147.140(6) ("Failure to substantially comply with subsection 1 shall result,

upon motion, in dismissal with prejudice of each cause of action as to which expert witness testimony is necessary to establish a prima facie case.").

The district court denied Smith's motion, concluding that Dr. Marfuggi was licensed to practice within the meaning of section 147.139(1) even though his licenses were in inactive and retired status, so Hanner's certificate-of-merit affidavit was not deficient. Smith filed an application for interlocutory appeal, which the supreme court granted before transferring this appeal to our court.

While this appeal was pending and after the parties submitted their briefs, our supreme court issued its opinion in *Hummel v. Smith*. 999 N.W.2d 301 (Iowa 2023). *Hummel* involved the same defendants, the same expert physician, and the same issue of whether Dr. Marfuggi's inactive or retired licensure status satisfied the "licensed to practice" requirement of section 147.139(1). *Id.* at 305–06. The court concluded that, to meet the qualifying standards of section 147.139, the expert signing the certificate-of-merit affidavit "must possess a current active license to practice." *Id.* at 309. Dr. Marfuggi's retired and inactive licenses in New York and New Jersey were therefore not licenses to practice within the meaning of section 147.139(1). *Id.* Likewise, Dr. Marfuggi's signing of the affidavit when he was not licensed to practice did not substantially comply with section 147.140(1).

The holding in *Hummel* dictates the outcome here. Because Hanner's certificate-of-merit affidavit was signed by an expert witness who was not licensed to practice, Hanner neither complied nor substantially complied with section 147.140(1). *See id.* As a result, we reverse the district court's denial of Smith's combined motion to strike Dr. Marfuggi as an expert witness and for

summary judgment.  We remand for entry of an order granting the motion to strike and for summary judgment on claims requiring a certificate-of-merit affidavit and for further proceedings consistent with this opinion.

**REVERSED AND REMANDED.**